Holmes *v.* Abrahams.

---

HULDAH HOLMES

*v.*

WILLIAM H. ABRAHAMS and others.

Where the mortgaged premises were described as containing one hundred acres of land, another tract of nine acres, the title to which was derived from another source, cannot be claimed as covered by such mortgage, although the description in the mortgage concluded with a general reference to a deed which conveyed both tracts.

---

Bill to rectify and foreclose mortgage. On final hearing on pleadings and proofs.

*Mr: A. C. Hartshorne,* for complainant.

*Mr. J. G. Trusdell,* for answering defendants.

THE CHANCELLOR.

The bill is filed to rectify the description of the mortgaged premises (property in Monmouth county), so as to exclude therefrom a certain tract of about twenty-eight acres, called the Machett's mills property, and the right, title and interest of a turnpike company in another tract, and to include a lot of about nine acres; and it prays a foreclosure and sale of the premises when the rectification shall have been made. The mortgage was given by William H. Abrahams and his mother, Jane Abrahams, now deceased, to Hendrick P. Conover, also deceased, on or about the 1st day of April, 1868, to secure the payment of $2,500 with interest. The ground on which the rectification is claimed, is mutual mistake of the parties. But there is no evidence whatever that there was any mistake, except as it is to be presumed that the parties did not intend to cover, by the mortgage, land which long previously had notoriously been sold and conveyed away.

There is no proof whatever that they intended to embrace the tract of nine acres in the mortgage; but, on the other hand, all the proof on the subject is directly to the contrary. The mortgagor, William H. Abrahams, derived his title to the mortgaged premises by descent from his father and a deed of conveyance made to him by his sisters and the husbands of those of them who were married, by which they conveyed their respective interests in the property to him. His mother joined in the mortgage, because she had a right of dower in the property. The description of the premises in the deed to William H. Abrahams, just mentioned, is the same as that in the complainant's mortgage; and the complainant endeavors to show that, by mutual mistake of the parties, the tract of nine acres was omitted from the deed as well as from the mortgage; but she has wholly failed in her effort. The proof is, that the grantors in that deed did not intend or agree to convey, nor did the grantee buy, nor did he expect to receive by that deed, any

interest in that lot.  When the mortgage was made, William H. Abrahams had no title to the lot of nine acres, except for an undivided one-seventh part, which he had inherited.

The premises are particularly described in the deed and mortgage, and the particular description is followed by a statement that they are the same premises conveyed by Daniel Gordon and wife to James Abrahams, by deed dated May 1st, 1805, and are also the same which were subsequently conveyed by James Abrahams and wife to James Abrahams Jr., by deed, in which last-mentioned deed (it is added) the description is different.  The last-mentioned deed conveys the tract of nine acres as well as the tract particularly · described in the mortgage.  The tract of nine acres was conveyed to James Abrahams Sr., by Jonathan Pease.  There is nothing in the reference to the deed from James Abrahams Sr. to his son James, to indicate an intention to convey or mortgage all the property conveyed by that deed.  The statement of reference is merely that the property described is the same conveyed by David Gordon's deed, and the same conveyed, though by a different description, by the Abrahams deed.  In the deed from Gordon, the property is said to contain one hundred acres, and it is described in the deed to William H. Abrahams and the mortgage, by the same description, including the statement of contents.  The prayer for rectification must be denied as to the tract of nine acres.  As to the Machett's mills property, and the right, title and interest of the turnpike company, there does not appear to have existed any question, at any time, that they should have been excepted. They were inadvertently included through the use of the description in the old deed.  It does not seem to have been necessary to institute special litigation to rectify the mortgage in order to except them.  A statement in the bill to foreclose that they ought not to have been included in the mortgage, would have brought the matter properly before

the court.   The complainant is not entitled to costs, as
against the mortgaged premises, of so much of the cause as
relates to the rectification; and, as to that part of the cause,
the answering defendants are entitled to costs.